### 69678. BEATY v. CITIZENS BANK OF DALLAS et al.
(330 SE2d 170)

DEEN, Presiding Judge.

On November 14, 1983, Nancy Beaty brought suit against Jacquelyn Hart, Orville Hart, Citizens Bank of Dallas, and Marvin Pechter, contending that she was the sole surviving heir of William B. Beaty, that she had an equitable interest in certain real property, and that the Citizens Bank of Dallas had improperly assigned and transferred to Jacquelyn Hart an installment note and deed to secure debt. Beaty contends that the deed to secure debt was invalid because the underlying obligation was satisfied; the foreclosure deed was obtained by Jacquelyn Hart under a power of sale which was unfairly and wrongfully exercised; and the transfer and assignment by the bank of the deed to secure debt was negligent because the debt had been paid. Beaty prayed for cancellation of the foreclosure deed and sought an unspecified sum in damages for mental pain and suffering and for injury to her credit. Marvin Pechter was dismissed from the lawsuit, and the suit against Jacquelyn Hart and her husband, Orville Hart, is still pending in the trial court. Beaty appeals from the grant of summary judgment in favor of the bank. *Held:*

The trial court found that on June 6, 1972, Keys and Page issued a note payable to the bank, which was secured by a deed to secure debt dated April 19, 1972, and recorded June 6, 1972. On November 5, 1972, Page signed a note payable to the bank and a deed to secure debt which covered the property in question. On July 2, 1973, W. G. Hart, Dennis Alsobrook, and W. O. Hart purchased the property and four months later assumed the $9,800 indebtedness secured by the deed to secure debt. On November 10, 1975, the three men executed

three separate renewal notes for the one they assumed on November 15, 1973. Alsobrook executed a warranty deed on November 4, 1976, conveying his interest in the property to William Beaty. On May 5, 1981, the bank sold and assigned to Jacquelyn Hart the renewal note, which was signed by her son, W. G. Hart, along with the original deed to secure debt signed by Keys and Page, which was in default. William Beaty's interest was transferred to Nancy Beaty by an administrator's deed of assent on March 18, 1982. On January 4, 1983, Jacquelyn Hart foreclosed on the property.

The court found that Beaty's action against the bank sounds in tort, as she alleges negligence and seeks damages for personal injury and injury to reputation; and that OCGA § 9-3-33 (Code Ann. § 3-1004) requires actions for injuries to the person to be brought within two years after the right of action accrues, except for injuries to the reputation, which must be brought within one year after the right of action accrues. As the plaintiff alleged that her credit had been impaired as a result of the bank's activities, the court found she was seeking to recover for injury to reputation. It further found that she alleged two acts of negligence: (1) the failure to cancel the deed to secure debt when it was allegedly satisfied on November 10, 1975, and (2) the transfer and assignment of the satisfied deed to secure debt on May 5, 1981. The court determined that the lawsuit was filed more than two years after the last alleged act of negligence and that plaintiff is barred from recovery against the Citizens Bank of Dallas by the statute of limitations. We have examined the record and agree with the trial court's findings of fact and conclusions of law.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 1, 1985.

*Dennis C. O'Brien*, for appellant.
*Jeffrey B. Talley, W. Robert Lane, John R. Lowery, Edgar H. Sims, Jr.*, for appellees.